UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

JIU XIANG CHEN,

       Petitioner,                          CASE NO. _____

v.

E.K. CARLTON, Warden of FDC MIAMI,
FEDERAL BUREAU OF PRISONS, and
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT.
_____/

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

COMES NOW, the Petitioner JIU XIANG CHEN, by and through his counsel who files this, his EMEREGNCY Petitioner for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and in support thereof states the following:

**I.**    **Personal Information:**

    1(a):    Petitioner is a Chinese national and his full name is **JIU XIANG CHEN**

    1(b):    There is one name used by Petitioner. **JIUXIANG CHEN**

    2(a):    Petitioner is being confined at FDC Miami 33 NE 4th St, Miami, FL 33132:

    2(b):    Petitioner's identification number is: **072-968-990**

    3.    Petitioner is currently being held on orders by U.S. Immigration and Customs Enforcement's ("ICE"), a federal agency of the U.S. Dept. of Justice

    4.    Petitioner is being held at FDC Miami by ICE pursuant to a removal order of deportation from the United States immigration court.

    5.    Petitioner is challenging is conditions of confinement, denial of necessary and

immediate medical care and treatment for his severe and advanced form of lung disease more commonly described as "dermatomyositis interstitial lung disease. This is an advanced form of lung disease that is rapidly progressive, and Mr. Chen has required aggressive medical management" <u>Exhibit 1 hereto</u>.

6. Petitioner, a Chinese national who does not speak English, and in need of immediate medical care and treatment for his severe lung disease autoimmune disease, has been denied the ability or right to file any administrative grievance or submit for sick call or seek medical intervention by qualified medical practitioners within and outside the federal detention center known as FDC Miami by Respondents E.K. CARLTON, Warden of FDC MIAMI, FEDERAL BUREAU OF PRISONS, and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT.

7. Petitioner has not challenged or filed any petition or appeal in any court of competent jurisdiction regarding the issues raised in this instant 2241 Petition.

8. This 2241 Petition does not challenge the validity of any judicial decision ordering his removal from the United States.

9. Petitioner has never filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion or a Section 2254 to petition to challenge his detention by ICE or any judicial decision by any federal court or administrative or immigration court.

11. This case involves the detention of Petitioner by ICE pursuant to removal order entered by an U.S. immigration court and the deliberate indifference to Petitioner's necessary medical care and treatment for his dermatomyositis

> interstitial lung disease – "an advanced form of lung disease that is rapidly progressive, and Mr. Chen has required aggressive medical management."

12. Petitioner did not appeal the order of removal to any federal court or appellate court.

13. Petitioner has not appealed any decision by the U.S. Immigration Court ordering his removal from the United States.

## II. Statement of Facts

On May 24, 1993, Petitioner, JIU XIANG CHEN, a Chinese National from mainland China entered the United States in San Francisco, California via vessel without inspection near the port of entry where he was detained for illegal entry. The Immigration Naturalization Service ("INS") instituted deportation proceedings. Petitioner then submitted a petition for asylum which was denied.

Petitioner then sought the privilege to voluntarily depart the United States which was granted. However, Petitioner never self-deported which converted the voluntarily removal to an order of deportation on January 27, 1997 by operation of law.

In 2020, INS detained Petitioner for a few months where he was released from detention on supervision with an ankle monitor. Petitioner timely reported each year to INS then later to Immigration Customs and Enforcement Agency ("ICE") as required under the terms of his release from detention.

In April 2022, Petitioner filed an application for a waiver for unlawful presence relating to his entry into the United States at the port in San Francisco, CA. ICE granted the application and permission for reentry after order of deportation.

In August 2023, Petitioner applied for an waiver for unlawful presence related to his failure to self-deport and removal order which is now pending review and approval by ICE.

On January 18, 2025, ICE mailed a notice to Petitioner requiring him to report for ICE on January 16, 2025, two days prior. Given Petitioner did not report, ICE agents, using the GPS ankle monitor, located Petitioner at a barber shop in Sunrise, Florida where he was taken in custody and placed at Krome Detention Center located at 18201 SW 12th Street Miami, FL 33194 on January 26, 2025.

On January 31, 2025, Petitioner's attending pulmonary physician Dr. Susan Vehar issued a letter to be presented to ICE officials at Krome Detention Center, wherein she wrote:

> My name is Dr. Susan Vehar. I am board-certified in internal medicine, pulmonary medicine, and critical care medicine with a subspecialty expertise in interstitial lung diseases. Mr. Jiuxiang Chen is under my care in our subspecialty rheumatology-interstitial lung disease clinic for dermatomyositis interstitial lung disease. This is an advanced form of lung disease that is rapidly progressive, and Mr. Chen has required aggressive medical management. Mr. Chen has stabilized under our care but is at risk for flare of his disease and respiratory failure if he does not continue to take his medications and receive medical care. Please ensure he has access to his medications including mycophenolate and tacrolimus. These medications are medically necessary to prevent respiratory failure and death.
>
> Thank you for yol1r attention to this matter. Please do not hesitate to reach out to me if there are questions or concerns.

Exhibit 1 hereto. Petitioner's wife delivered the letter to ICE officials at Krome Detention Center.

In late February, 2025, due to overcrowding/over capacity of detainees, ICE transferred Petitioner to the Federal Detention Center Miami, Florida. Upon arrival, the Federal Bureau of Prisons' staff did not interview Petitioner because the BOP staff did not provide a Chinese translator to obtain necessary intake information from Petitioner regarding his above-described diseases.

4

Since Petitioner's detention in FDC-Miami, Petitioner has not received the required medications for his disease and is suffering greatly. Petitioner has lost over 20 lbs since his arrival at FDC-Miami. Petitioner's health and wellbeing is deteriorating while in the hands of Respondents.

Petitioner attempted to get the BOP's prison guards to provide him administrative remedy forms however the guards did not and do not speak traditional Chinese.

Petitioner needs immediate medical treatment and care for his above diseases by competent medical physicians in order to avoid death.

Petitioner's wife is a legal resident green card holder residing in Homestead, Florida. Petitioner's son is a U.S. citizen residing in New York.

**III.     Respondents' refusal to allow Petitioner to exhaust the administrative remedies within the Bureau of Prisons allows Petitioner to be excused from such exhaustion of administrative remedies process:**

Petitioner has been deprived of the ability to submit his grievance to Respondent from the confines of his cell. Respondent has not provided any administrative remedy forms or grievance forms to Petitioner in order for Petitioner to exhaust his administrative remedies within the Federal Bureau of Prisons FDC-Miami. Given the deliberate indifference to Petitioner's inability to communicate to Respondents in English, and given Respondents intentional refusal to provide a Chinese translator or even use the electronic Chinese translation applications available to the Respondents on their desktops and/or electronic devices to communicate with Petitioner or allow Petitioner to submit his grievances or exhaust the administrate remedy process within the FDC Miami, Petitioner must be excused from being required to exhaust the administrative remedy process within the Bureau of Prisons FDC Miami.

IV. **GROUNDS FOR RELIEF**

**FIRST CLAIM FOR HABEAS RELIEF**

**RESPONDENTS HAVE DENIED PETITIONER MEDICALLY NECESSARY CARE AND TREATMENT FOR PETITIONER'S SEVERE AND AGGRESSIVELY PROGRESSIVE LUNG DISEASE, ALL IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION**

Petitioner, JIU XIANG CHEN is a Chinese national who has lived in the United States for the past 32-years. In February 2020, Petitioner was released from ICE detention and placed on supervision with a GPS ankle monitor where he resided in South Florida.

While residing in Miami, Florida for the past three (3) years, Petitioner has been receiving medical care and treatment for "dermatomyositis interstitial lung disease." Exhibit 1. The medical care and treatment Petitioner received was provided at the University of Miami Health System's physicians, the primary physician being Dr. Susan Vehar. Id.

After President Trump took office, ICE began a sweeping action to arrested and detail for deportation thousands of non-U.S. citizens who had orders of removal from the United States.

On January 18, 2025, ICE mailed a notice to Petitioner for him to report to ICE officials on January 16, 2025, for the annual interview. Petitioner did not report on January 16, 2025 given ICE mailed the notice on January 18, 2025.

On January 26, 2025, because of Petitioner not appearing on January 16, 2025 for the annual interview, ICE officials, using the GPS monitoring device on Petitioner, located Petitioner at a shopping plaza in Sunrise, Florida where they took Petitioner into custody without incident and confined Petitioner at the immigration detention center known as Krome Detention Center located at 18201 SW 12th Street Miami, FL 33194.

On January 31, 2025, Petitioner's attending pulmonary physician Dr. Susan Vehar issued a letter to be presented to ICE officials at Krome Detention Center, wherein she wrote:

6

> My name is Dr. Susan Vehar. I am board-certified in internal medicine, pulmonary medicine, and critical care medicine with a subspecialty expertise in interstitial lung diseases. Mr. Jiuxiang Chen is under my care in our subspecialty rheumatology-interstitial lung disease clinic for dermatomyositis interstitial lung disease. This is an advanced form of lung disease that is rapidly progressive, and Mr. Chen has required aggressive medical management. Mr. Chen has stabilized under our care but is at risk for flare of his disease and respiratory failure if he does not continue to take his medications and receive medical care. Please ensure he has access to his medications including mycophenolate and tacrolimus. These medications are medically necessary to prevent respiratory failure and death.
>
> Thank you for yo1lr attention to this matter. Please do not hesitate to reach out to me if there are questions or concerns.

<u>Exhibit 1 hereto</u>. Petitioner's wife delivered the letter to ICE officials at Krome Detention Center.

In late February 2025, ICE's Krome Detention Center had an overcapacity of detainees. ICE officials then transported Petitioner to FDC-Miami 33 NE 4th St, Miami, FL 33132 where Petitioner was and still is confined in a cell as of this date.

Upon arrival at FDC-Miami, Petitioner was not interviewed or allowed to communicate with any of the prison officials, including the medical screening prison staff given no one spoke Chinese and the prison officials refused to provide any Chinese translator for Petitioner. In the absence of a Chinese translator, the Respondents blocked Petitioner from informing the prison medical staff of his severe lung disease and need for immediate medical care and treatment.

From the time Petitioner has been confined in FDC-Miami, the correctional guards have ordered Petitioner to leave his cell and obtain exposure to the sun light. When the prison guards placed Petitioner in the sun light, Petitioner's skin became inflamed and he sustained great pain and discomfort due to his Lupus disease.

Petitioner demanded a Chinese translator to communicate to the prison staff, however, Respondents has refused to do so, all to the detriment of Petitioner, his health and wellbeing. In

7

fact, the Respondents failure to provide the immediate and necessary medical care and treatment to Petitioner's lung disease, has the effect of subjecting Petitioner to pain, discomfort and cruel and unusual punishment and the likelihood of death. Petitioner body weight has dropped by 20 lbs. and is experiencing difficulty breathing, coughing, and flu like symptoms which are directly related to his lung disease – a disease which is not being treated by Respondents and their medical staff.

Absent the immediate action by this Court in granting habeas relief, Petitioner will continue to be experiencing extreme pain and discomfort, and will cause him grave harm and even death.

"A motion pursuant to [Title 28 U.S.C Section 2241] generally challenges the execution of a federal prisoner's sentence, including such matters as . . . prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *see also Jabarah v. Garcia*, 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) ("When a federal inmate is challenging the conditions of confinement, the proper vehicle for such a challenge is the federal habeas statute, 28 U.S.C. § 2241."). Petitions challenging the medical treatment afforded during confinement are properly brought as Section 2241 habeas petitions. *See Sullivan v. United States*, 2002 WL 32096584, at *1 (E.D.N.Y. Dec. 6, 2002) (finding that a "request for review of BOP decisions regarding medical treatment challenges the execution of [petitioner's] sentence" and "should [be] brought as a petition for habeas corpus pursuant to § 2241").

Petitioner, a federal prisoner in the custody of Respondents, challenges the refusal of Respondents to provide necessary medical attention and treatment to Petitioner for his lung disease at FDC Miami – a life threatening disease if left untreated, as is occurring in the instant

case, will result in death. Therefore, Petitioner is challenging the conditions of confinement, and the petition is properly brought as a Section 2241 habeas petition.

The proper venue for a Section 2241 habeas petition challenging conditions of confinement is the district where the petitioner is confined. *See Sullivan*, 2002 WL 320 96584, at *2 ("A § 2241 petition challenging the execution of a sentence, including the conditions of the inmate's confinement, should be brought in the district court for the district where the prisoner is in custody.") (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 500 (1972), and *Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 948 (2d Cir. 1976) for support of the proposition that Section 2241 habeas petitions must be filed in the district of confinement); *Jabarah*, 2010 WL 3834663, at *4 ("The proper venue to bring a § 2241 challenge is the district of confinement.").

Respondents' failure to provide even a band-aid to Petitioner's lung disease constitute a clear Eighth and Fourteenth Amendment violation to the U.S. Constitution, warranting the granting of the instant 2241 habeas petition as a matter of clearly established law. Petitioner suffers extreme pain and discomfort and such failures on the part of Respondents to provide the necessary and needed medical care and treatment to Petitioner's lung disease places Petitioner in grave harm and danger.

Alternatively, Petitioner moves this Court to order his release with a GPS monitoring device so that Petitioner can obtain the necessary medical care and treatment from his attending physician, Dr. Susan Vehar as explained in Dr. Vehar's letter. <u>See Exhibit 1</u>.

Respondents would not be prejudiced by this Court granting the emergency habeas relief requested herein.

## V. CONCLUSION

WHEREFORE, the Petitioner CHEN requests this Court to treat the instant 2241 petition on an emergency basis and grant the relief requested herein by directing the Respondents to provide immediate and necessary medical care and treatment to Petitioner for his Lung disease, prohibit Respondents and their staff from forcing Petitioner to stand in the sunlight, or alternatively cause Petitioner to be released with a GPS ankle monitor in order that Petitioner can be treated at Jackson Memorial Hospital or Baptist Hospital in Miami, Florida based on the foregoing facts, claims and applicable law; and enter an order granting same and other relief this Court deems proper and just under the unique circumstances.

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions. Each day and night that goes by, Petitioner JIU XIANG CHEN is being denied medically necessary care and treatment to his autoimmune disease, being forced to stand in the open area where sunlight hits his skin causing extreme pain and discomfort. As evidenced by Dr. Susan Vehan's letter, Mr. Chen's lung disease "is advanced and rapidly progressive requiring aggressive medical management, and Mr. Chen "is at risk for flare of his disease and respiratory failure if he does not continue to take his medications and receive medical care. . . .These medications are medically necessary to prevent respiratory failure and death." Exhibit 1. [1]

---

[1] Petitioner has attached hereto as Exhibit 2 Petitioner's medical record published by the University of Miami Health and Clinic which details the list of medications prescribed to and

Miami, Florida                           Respectfully submitted

                                         LAW OFFICES OF ANDRE A. ROUVIERE
                                         4070 Laguna Street
                                         Coral Gables, Florida 33146
                                         Tel: (305)774-7000
                                         Fax:(305)946-6121

                                         *//ss// Andre Rouviere*
                                         ANDRE A. ROUVIERE
                                         Attorney for Petitioner.

---

taken by Petitioner to treat his lung disease and related diseases and illnesses, which Respondents have failed or refuse to provide to Petitioner, all which are medically necessary.

11

## VERIFICATION

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA PURSUANT TO 28 U.S.C. § 1746 and Fla. Stat. § 92.525, I, **JIU XIANG CHEN**, DECLARE THAT I HAVE READ THE FOREGOING PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C 2241 AND EXHIBITS THERETO AFFIRM THAT THE FACTS STATED HEREIN ARE TRUE AND CORRECT, done on this 19th day of March 2025.

_____
**JIU XIANG CHEN**

## CERTIFICATE OF SERVICE

I, Andre A. Rouviere, hereby certify that a true and correct copy was served on the below Respondents by U.S. mail 1st class postage prepaid on this 19th day of March 2025.

Hayden O'Byrne U.S. Attorney 99 NE 1st Street Miami, FL 33128
Warden Carlton FDC-Miami 33 NE 4th St, Miami, FL 33132
ICE- Krome Detention Center 18201 SW 12th Street Miami, FL 33194
Pam Bondi U.S. Attorney General 950 Pennsylvania Avenue, NW/Washington, DC 20530-0001.
Federal Bureau of Prisons 33 NE 4th St, Miami, FL 33132

*/ss// Andre Rouviere*
ANDRE A. ROUVIERE

# EXHIBIT 1



January 31, 2025

Patient: Jiuxiang Chen
Date of Birth: 06/23/1969

To whom it may concern:

My name is Dr. Susan Vehar. I am board-certified in internal medicine, pulmonary medicine, and critical care medicine with a subspecialty expertise in interstitial lung diseases. Mr. Jiuxiang Chen is under my care in our subspecialty rheumatology-interstitial lung disease clinic for dermatomyositis interstitial lung disease. This is an advanced form of lung disease that is rapidly progressive, and Mr. Chen has required aggressive medical management. Mr. Chen has stabilized under our care but is at risk for flare of his disease and respiratory failure if he does not continue to take his medications and receive medical care. Please ensure he has access to his medications including mycophenolate and tacrolimus. These medications are medically necessary to prevent respiratory failure and death.

Thank you for your attention to this matter. Please do not hesitate to reach out to me if there are questions or concerns.

Respectfully,

*[signature: Susan V.]*

University of Miami, School of Medicine
Division of Pulmonary, Critical Care and Sleep Medicine

Division of Pulmonary, Allergy, Critical Care, and Sleep
Medicine 1951 NW 7th Ave.| Suite 2278| Miami, FL 33136
Phone: 305-243-6388 | Fax: 305-243-6372

# EXHIBIT 2

## AFTER VISIT SUMMARY



**Jiuxiang Chen**  MRN: 23250634  DoB: 6/23/1969
📅 10/23/2024  1:45 PM  📍 The Lennar Foundation Medical Center Respiratory Therapy 305-689-5555

### What's Next

| JAN 3 2025 | **Follow up appointment with Robert Scott Kirsner** Friday January 3 1:45 PM Please arrive 30 minutes prior to your scheduled appointment time. | UHealth Tower: Dr. Phillip Frost Department of Dermatology and Cutaneous Surgery 1295 NW 14th ST South Bldg, STE KLM Miami FL 33125 305-243-6704 |

| JAN 9 2025 | **Follow up appointment with Susan Jane Vehar** Thursday January 9 1:00 PM Please arrive 30 minutes prior to your scheduled appointment time. | UHealth Tower: Pulmonology at University of Miami Hospital and Clinics 1321 NW 14th St 2nd floor, Suite 204 MIAMI FL 33125 305-243-6387 |

For assistance scheduling your future appointments and testing please call 305-243-4000. You can also request appointments via your MyUHealthChart account.

### Today's Visit

You saw Elio Donna on Wednesday October 23, 2024. The following issue was addressed: ILD (interstitial lung disease) (HCC).

| BMI 27.25 | Height 5' 9.09" (1.755 m) |
| Pulse 74 | Respiration 16 |
| Oxygen Saturation 99% | BSA 2.02 m² |

**Done Today**
Pulmonary function test

**Medications Given**
albuterol (ACCUNEB)

<u>If you have not heard from your provider after getting your labs or tests done in 2 weeks, please call the office.</u>

**Please take this summary of today's visit to any future appointments with Providers outside of the University of Miami Health System.**

### Information on Covid-19

For the most up to date information on COVID-19, visit the CDC website
https://www.cdc.gov/coronavirus/2019-ncov

### Problems Updated
Problems updated during this visit.

### My UHealthChart Activation Instructions

MyUHealthChart Access Code: **Activation code not generated**
**Current MyChart Status: Active**

For additional information on how to sign up visit the Frequently Asked Questions (FAQ) page at www.MyUHealthChart.com or contact us at 786-654-4818.

## ✍ Problem List

**ILD (interstitial lung disease) (HCC)**

## Allergies

No Known Allergies

**AHCA Reports**

The Agency for Health Care Administration publishes data on quality measures for all Florida hospitals. Information published about UHealth hospitals can be found here

[Bascom Palmer](#)
[Sylvester](#)
[Tower](#)

# Your Medication List  as of October 23, 2024  2:32 PM

> ⓘ Always use your most recent med list.

| | |
|---|---|
| **albuterol HFA** 108 (90 Base) MCG/ACT inhaler | INHALE 1 PUFF BY MOUTH EVERY 4 HOURS AS NEEDED FOR WHEEZING OR SHORTNESS OF BREATH OR COUGH |
| **atorvastatin** 20 MG tablet<br>Commonly known as: LIPITOR | 1 TABLET BY MOUTH NIGHTLY FOR CHOLESTEROL CONTROL |
| **folic acid** 1 MG tablet<br>Commonly known as: FOLVITE | Take 1 mg by mouth daily. |
| **hydrocortisone** 2.5 % cream | Apply to affected areas twice a day until clear |
| **levocetirizine** 5 MG tablet<br>Commonly known as: XYZAL | 1 TABLET BY MOUTH DAILY AS NEEDED FOR ALLERGIES AND ITCHINESS |
| **metFORMIN** 500 MG tablet<br>Commonly known as: GLUCOPHAGE | TAKE 1 TABLET BY MOUTH DAILY TO PREVENT DIABETES |
| **mycophenolate** 500 MG tablet<br>Commonly known as: CELLCEPT | Take 2 tablets by mouth 2 times daily for 180 days. |
| **tacrolimus** 0.1 % ointment<br>Commonly known as: Protopic | Apply to face twice daily |
| **tacrolimus** 1 MG capsule<br>Commonly known as: PROGRAF | Take 2 capsules by mouth 2 times daily for 90 days. TAKE 3 CAPSULES BY MOUTH EVERY 12 HOURS. |
| **Trelegy Ellipta** 100-62.5-25 MCG/ACT Aepb<br>Generic drug: Fluticasone-Umeclidin-Vilant | INHALE 1 APPLICATION DAILY |

# Patient Statement Instructions

You may request an itemized bill and explanation of charges for services rendered at the University of Miami Health System which includes the University of Miami Hospital and Clinics – Bascom Palmer Eye Institute, Sylvester Comprehensive Cancer Center and UHealth Tower by calling Patient Financial Services at (305) 243-2900.

You may also request a personalized estimate of the anticipated hospital and professional charges and other information regarding the health care services you may be scheduled to receive at the University of Miami Health System which includes the University of Miami Hospital and Clinics – Bascom Palmer Eye Institute, Sylvester Comprehensive Cancer Center, and UHealth Tower by calling our Patient Benefits Advisors at (305) 326-6486.

Following your request, once the estimate is created, it will be made available to you via your active MyChart account.

# Active Visit Insurance

Active coverage information associated to this visit.

## Active Insurance as of 10/23/2024

### Primary Coverage

| Payor | Plan | Insurance Group | Employer/Plan Group |
|---|---|---|---|
| OSCAR HEALTH PLAN | OSCAR HEALTH EXCHANGE (HIX) EPO C | | |

| Payor Plan Address | Payor Plan Phone Number | Payor Plan Fax Number | Effective Dates |
|---|---|---|---|
| PO BOX 52146 PHOENIX AZ 85072-2146 | | | 1/1/2022 - None Entered |

**Subscriber Name**
WANG,YUMEI

## Focused On You

You may receive a survey about your experience.
This is your opportunity to tell us what we did well and where we can improve. This can help make our care better for patients and their families.