UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-21300-BLOOM/Elfenbein

JIU XIANG CHEN,

    Petitioner,

v.

E.K. CARLTON, *Warden of FDC Miami*,
FEDERAL BUREAU OF PRISONS, and U.S.
IMMIGRATION AND CUSTOMS ENFORCEMENT,

    Respondents.
_____/

## ORDER ON EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court upon Petitioner Jiu Xiang Chen's ("Petitioner") Emergency Petition for Writ of Habeas Corpus ("Petition"), ECF No. [1]. Respondents filed a Response, ECF No. [9], to which Petitioner filed a Reply, ECF No. [10]. The Court has reviewed the Petition, the supporting and opposing submissions, the record in the case, and is otherwise fully advised. For the reasons that follow, the Petition is dismissed.

**I.   BACKGROUND**

Petitioner seeks relief pursuant to 28 U.S.C. § 2241. Petitioner is a Chinese national who is currently being confined at FDC Miami. ECF No. [1]. Petitioner was taken in custody and placed at Krome Detention Center ("Krome"). *Id.* at 4.[1] On January 31, 2025, Petitioner's attending pulmonary physician issued a letter to be presented to Immigration Customs and Enforcement Agency ("ICE") officials at Krome, where she wrote that Petitioner has "an advanced form of lung

---

[1] Petitioner does not challenge the validity of any judicial decision ordering his removal from the United States. ECF No. [1] at 2.

disease that is rapidly progressive," and is "at risk for flare of his disease and respiratory failure if he does not continue to take his medications and receive medical care." *Id.* at 4, 15.

ICE transferred Petitioner to the Federal Detention Center ("FDC") Miami in February 2025. *Id.* at 4. Petitioner contends that upon arrival, the Federal Bureau of Prisons' ("BOP") staff did not interview Petitioner because the BOP staff did not provide a Chinese translator to obtain necessary intake information from Petitioner regarding his diseases. *Id.* Petitioner further contends that he has not received the required medications for his disease and is suffering greatly. *Id.*

Petitioner argues Respondents have acted with deliberate indifference and denied Petitioner medically necessary care and treatment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. *Id.* at 6-9. Petitioner asks that the Court order Respondents to provide necessary medical attention and treatment to Petitioner at FDC Miami, or alternatively, order Petitioner's release with a GPS monitoring device. *Id.*

Respondents argue that a petition for writ of habeas corpus is not the appropriate mechanism for challenging conditions of confinement, and that Petitioner has received adequate medical care while detained. ECF No. [9]. Respondents also represent that on March 28, 2025, Petitioner was transferred to Krome, and on March 31, 2025, Petitioner was noted to have interstitial lung disease and transferred to Larkin Hospital. *Id.* at ¶¶ 20, 23. Petitioner was admitted to Larkin Hospital for observation of intractable abdominal pain, and was discharged on April 2, 2025. *Id.* at ¶ 24. Petitioner replies that he needs constant care and treatment for his lung disease and related illnesses.[2]

---

[2] Petitioner attaches an "Emergency Motion for Order Prohibiting Respondents from Removing or Transferring Petitioner Outside the Southern District of Florida," as an exhibit to his Reply. *See* ECF No. [10-1]. However, Petitioner indicates only that this was a proposed emergency motion sent to Respondents on March 31, 2025, and because ICE immediately transported Petitioner to Larkin Hospital, ICE's actions obviated the need to file the emergency motion.

## II.   LEGAL STANDARD

### A.  Writ of Habeas Corpus 28 U.S.C. § 2441

Federal courts are vested with the authority to issue writs of habeas corpus to individuals in custody if that custody is a "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Section 2241 is the proper vehicle through which to challenge the constitutionality of a non-citizen's detention without bail." *Oscar v. Ripe*, 751 F. Supp. 3d 1324, 1329 (S.D. Fla. 2024) (citing *Demore v. Kim*, 538 U.S. 510, 516-17, (2003)). "A person need not be physically imprisoned to be in custody under the statute; instead, habeas relief is available where the individual is subject to 'restraints not shared by the public generally.'" *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 967-68 (N.D. Cal. 2019) (quoting *Jones v. Cunningham*, 371 U.S. 236, 240 (1963)). Declaratory and injunctive relief are proper habeas remedies. *See id*. at 970 (enjoining ICE from re-arresting petitioner without a bond hearing); *see also N.B. v. Barr*, 2019 WL 4849175, at *7 (S.D. Cal. Oct. 1, 2019) (citing cases).

### B.  Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). A court's subject matter jurisdiction "involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress

denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quotig *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1950)).

Further, a district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*. at 410.

### III.   DISCUSSION

Petitioner argues 28 U.S.C. § 2241 is the proper avenue for relief because he challenges Respondents' refusal to provide necessary medical attention and treatment for Petitioner's lung disease. ECF No. [1]. Respondents contend § 2241 is not the proper mechanism for raising an inadequate medical care claim, because § 2241 is available only to challenge the validity of a detainee's confinement and cannot be used to challenge the conditions of Petitioner's confinement. ECF No. [9]. Respondents further assert that to the extent that the Petition states a claim for deliberate indifference, the Petition should be denied as moot because Petitioner has received medical care and treatment. *Id.*

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (internal citation omitted); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("When an inmate challenges

the 'circumstances of his confinement' but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983."); *Van v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015) ("[A] § 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement."). Here, Petitioner states that he "does not challenge the validity of any judicial decision ordering his removal from the United States." ECF No. [1] at 2. Instead, the Petition challenges the "conditions of confinement, denial of necessary and immediate medical care and treatment[.]" *Id.* at 1-2. Thus, the Petition is due to be dismissed, as a § 2241 petition is not the appropriate vehicle for Petitioner's claims. *See Van*, 634 F. App'x at 781; *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

Even if the Court could exercise jurisdiction over the matter, the issues raised regarding Petitioner's medical care are moot.[3] To establish deliberate indifference, Petitioner must prove: "(1) subjective knowledge of a risk of serious harm; and (2) disregard of that risk (3) by conduct that is more than mere negligence." *Nam Dang by and through Vina Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017).[4] As highlighted in the Response, on March 26, 2025, Petitioner was evaluated by the medical staff at FDC Miami: Petitioner's vital signs were

---

[3] The Court rejects Petitioner's argument that release is a proper remedy for inadequate medical care, as this Court has consistently recognized that "even if a prisoner proves an allegation of mistreatment in prison . . . he is not entitled to release. . . . The appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment during legal incarceration is to require the discontinuance of any improper practices[.]" *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990); *see also Gayle v. Meade*, Case No. 20-21553-Civ-COOKE/GOODMAN, 2020 WL 2086482, at *7 (S.D. Fla. Apr. 30, 2020) ("[The] [r]equirement of a discontinued practice does not amount to releasing detainees who complain of prison conditions.").

[4] Although the standard for proving inadequate medical care is the same, the Due Process Clause of the Fifth Amendment, not the Eighth Amendment, governs Petitioner's case. *Van*, 634 F. App'x at 781 ("[T]he protections of the Eighth Amendment do not attach until after a person has been convicted and sentenced. . . . Instead, a deliberate indifference claim raised by a pretrial detainee is governed by the Due Process Clause of the Fifth Amendment.").

within normal range, he did not appear to be in distress with his breathing even and unlabored, and he was negative for rashes or lesions. ECF Nos. [9-8], [9-10]. Further, Petitioner received refills of his medications, and more were ordered. ECF No. [9] at ¶ 19; ECF No. [9-10]. Upon his transfer back to Krome, Petitioner, using a Chinese interpreter, denied being in pain. ECF No. [9-6]. On March 31, 2025, medical staff at Krome entered medication orders for Petitioner. *Id.* Once Petitioner was noted to have interstitial lung disease, he was transferred to Larkin Hospital and admitted for observation of intractable abdominal pain. ECF No. [9] at ¶¶ 23-24. After Petitioner was discharged from Larkin Hospital, on April 3, 2025, he was admitted to the medical housing unit at Krome. *Id.* at ¶ 26.

Petitioner presents no argument as to how Respondents continue to act with deliberate indifference toward Petitioner's medical needs. Thus, to the extent that Petitioner seeks "immediate medical care and treatment for his severe and advanced form of lung disease," ECF No. [1] at 2, the case "no longer presents a live controversy with respect to which the court can give meaningful relief," *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993).[5] Accordingly, the Court dismisses the Petition without prejudice to Petitioner seeking relief through the proper avenue should the need arise.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

---

[5] In the Reply, Petitioner raises new challenges to the conditions of his confinement since being transferred to Krome – namely, being forced to sleep on the floor in a cell with twenty-nine other detainees and with no coverings. ECF No. [10] at 7-8. Further, Petitioner challenges the legitimacy of his detention and argues that he received a notice to appear before ICE days after the interview took place. Petitioner contends that "but for the failure or refusal to timely mail the notice to appear for the interview to Petitioner, Petitioner would have appeared at the ICE interview and allowed to continue his release in the community with the GPS monitor." ECF No. [10] at 4 n.4. However, "[a]rguments raised for the first time in a reply brief are not properly before a reviewing court." *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (quoting *United States v. Coy*, 19 F.3d 629, 632 n.7 (11th Cir. 1994)).

1. The Emergency Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 11, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record